**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>SHAMSHOD KURBANOV, SANOAT MUMINOVA, and NYC ALL GLASS SYSTEM INC.,<br><br>*Defendants*. | Civil Action No. 1:26-cv-02595 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND ..... 2

A. Defendants' Abuse And Threats Against Plaintiff Lead To A Criminal Prosecution Against Kurbanov ..... 2

B. The Staten Island Criminal Case Against Kurbanov ..... 2

C. Claims and Counterclaims in This Action ..... 6

APPLICABLE LEGAL STANDARDS ..... 7

ARGUMENT ..... 7

I. THE ABUSE OF CRIMINAL PROCESS AND MALICIOUS PROSECUTION COUNTERCLAIMS (COUNTS TWO AND THREE) ARE TIME-BARRED ..... 8

II. ALL THREE COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..... 9

A. Defendants' Abuse of Process Counterclaims (Counts One and Two) Should Be Dismissed Because Defendants Fail to Identify Any Cognizable Legal Process or Collateral Objective ..... 10

B. The Malicious Criminal Prosecution Counterclaim (Count Three) Is Insufficient As a Matter Of Law ..... 14

CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Behrens v. City of Buffalo*,
217 A.D.3d 1589, 192 N.Y.S.3d 869 (2023) ....8, 11

*Blanco v. Success Acad. Charter Schs., Inc.*,
722 F. Supp. 3d 187 (S.D.N.Y. 2024)....11

*Boyd v. Lansbury*,
No. 23-CV-7459 (RER) (SIL), 2025 WL 948360 (E.D.N.Y. Mar. 28, 2025)....7

*Carruthers v. Colton*,
153 F.4th 169 (2d Cir. 2025) ....15, 16

*Cook v. Sheldon*,
41 F.3d 73 (2d Cir. 1994)....11

*Covington v. Walker*,
3 N.Y.3d 287, 819 N.E.2d 1025 (2004)....9

*Curiano v. Suozzi*,
63 N.Y.2d 113, 469 N.E.2d 1324 (1984)....11

*Gallagher v. Directors Guild of Am., Inc.*,
144 A.D.2d 261, 533 N.Y.S.2d 863 (N.Y. App. Div. 1st Dep't 1988)....8

*Goldring v. Zumo*,
No. 14 CIV. 4861 (BMC), 2015 WL 148451 (E.D.N.Y. Jan. 12, 2015)....13

*Greco v. Christoffersen*,
70 A.D.3d 769, 896 N.Y.S.2d 363 (2d Dep't 2010) ....11

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
No. 06-CV-1260 KAM, 2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009)....13

*Hansen v. Town of Smithtown*,
342 F. Supp. 3d 275 (E.D.N.Y. 2018) ....13

*Hoffman v. Town of Southampton*,
893 F. Supp. 2d 438 (E.D.N.Y. 2012) ....12, 13

*Jones v. Maples/Trump*,
No. 98 CIV. 7132 (SHS), 2002 WL 287752 (S.D.N.Y. Feb. 26, 2002) ....13

*Josie Maran Cosms., LLC v. Shefa Grp. LLC*,
624 F. Supp. 3d 281 (E.D.N.Y. 2022) ....................7, 10

*Kurtz v. Hansell*,
664 F. Supp. 3d 438 (S.D.N.Y. 2023)....................14

*Liss v. Forte*,
96 A.D.3d 1592, 947 N.Y.S.2d 270 (2012) ....................12

*Manhattan Enter. Grp. LLC v. Higgins*,
816 F. App'x 512 (2d Cir. 2020) ....................11, 12

*Martinez v. City of Schenectady*,
97 N.Y.2d 78 (2001) ....................15

*Mazzone v. Town of Southampton*,
283 F. Supp. 3d 38 (E.D.N.Y. 2017) ....................12

*In re Nicholas*,
457 B.R. 202 (Bankr. E.D.N.Y. 2011)....................11

*Pinter v. City of New York*,
976 F. Supp. 2d 539 (S.D.N.Y. 2013)....................11

*Poventud v. City of New York*,
750 F.3d 121 (2d Cir. 2014) (en banc)....................15

*Romag Fasteners, Inc. v. Bauer*,
No. 11 CIV. 3181 PAC, 2011 WL 5513380 (S.D.N.Y. Nov. 9, 2011) ....................8

*Roman v. Comp USA, Inc.*,
38 A.D.3d 751, 832 N.Y.S.2d 270 (2007) ....................8

*Smith-Hunter v. Harvey*,
95 N.Y.2d 191, 734 N.E.2d 750 (2000)....................15

*von Bulow by Auersperg v. von Bulow*,
657 F. Supp. 1134 (S.D.N.Y. 1987)....................9

*Zurich Am. Life Ins. Co. v. Nagel*,
571 F. Supp. 3d 168 (S.D.N.Y. 2021)....................9

**Statutes**

18 U.S.C. §§ 1584....................6

18 U.S.C. §§ 1589....................6, 8

18 U.S.C. §§ 1590....................6, 8

18 U.S.C. § 1594 ....................6

18 U.S.C. § 1595 ....................6

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ....................6

N.Y. C.P.L.R. § 214 ....................8

N.Y. C.P.L.R. § 215 ....................8

N.Y. Lab. Law § 195 ....................6

Plaintiff Jane Doe respectfully submits this consolidated memorandum of law in support of her motion to dismiss Defendants Shamshod Kurbanov, Sanoat Muminova, and NYC All Glass System Inc.'s counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Defendants' three counterclaims—malicious abuse of civil process, malicious abuse of criminal process, and malicious criminal prosecution—are all premised on Defendants' assertion that Plaintiff's allegations against them are false. Despite court records showing that Kurbanov was indicted for serious violent crimes, including rape, assault, and sexual abuse, and incontrovertible proof that Kurbanov took a plea deal, Defendants maintain that Plaintiff is actually the party at fault for supposedly manufacturing falsehoods against them.

Defendants' counterclaims do not merely strain credulity; they are fatally flawed. First, the abuse of criminal process and malicious criminal prosecution counterclaims are clearly time-barred. *See* Section I. Second, Defendants' counterclaims for abuse of civil process and abuse of criminal process fail to state a claim. Defendants fail to plead the required elements of "regularly issued legal process" and "collateral objective that is outside the legitimate ends of the process." Instead, they rely only on the initiation and prosecution of the past criminal proceeding and this action, which are insufficient as a matter of law to meet either element. *See* Section II.A. Third, Defendants' malicious prosecution counterclaim also fails to state a claim. *See* Section II.B. Defendants cannot plausibly allege that Plaintiff lacked probable cause for filing the criminal complaint given that a grand jury found probable cause to indict Kurbanov on all thirty counts and a Richmond County court separately found that evidence was sufficient to support the indictment. Further, Kurbanov's guilty plea precludes any plausible allegation that the criminal proceeding terminated in his favor, thereby rendering the malicious prosecution claim insufficient as a matter of law.

## FACTUAL BACKGROUND

### A. Defendants' Abuse And Threats Against Plaintiff Lead To A Criminal Prosecution Against Kurbanov

Plaintiff was introduced to Shamshod Kurbanov in or around January 2023. Defendants' Answer ("Ans.") ¶ 25. She was living in Tajikistan at the time, while he lived in the United States. Complaint ("Compl.") ¶¶ 24–25. Within months, they wed in a religious ceremony in Tajikistan. *Id.* ¶ 27. Kurbanov was already married at the time, so his marriage to Plaintiff was not legal under the laws of the United States. *Id.* ¶ 28. Plaintiff subsequently arrived in the United States and moved into Kurbanov's four-story residence in Staten Island, New York, in or around September 2023. *Id.* ¶ 32–33; Ans. ¶ 32.

Between September 2023 and April 2024, Defendants Kurbanov and Muminova forced Plaintiff to perform domestic labor and administrative work for NYC All Glass System Inc., around the clock and without pay; Compl. ¶¶ 5–7, 9, 34–43; Kurbanov physically and sexually assaulted her repeatedly; *id.* ¶¶ 10–11, 46, 54–55, 57, 66–68, 76–79, 83, and Defendants emotionally manipulated her and controlled her access to communication devices, financial resources, and freedom of movement, *id.* ¶¶ 45, 47, 59, 62, 87–91.

### B. The Staten Island Criminal Case Against Kurbanov

On April 23, 2024, a domestic violence misdemeanor complaint was filed against Kurbanov in Richmond County, New York. The accompanying sworn statement by police officer Steven Baisden dated April 23, 2024, recounts Plaintiff's complaint that Kurbanov "placed one hand around [her] neck and applied pressure," "stomped on [her] foot with [his] foot and pushed [her] with his hand about the stomach causing [her] to suffer physical injuries," and "intentionally damage[d] property, namely a phone" and "a laptop." Ex. A (Richmond County Criminal Complaint) at 1–2. Kurbanov was charged with criminal obstruction of breathing, assault in the

third degree, criminal mischief in the fourth degree, and harassment in the second degree. *Id.* at 1, 3.

In the ensuing months, the Richmond County District Attorney's Office ("DA's Office") investigated Plaintiff's allegations. An index of disclosures the DA's Office made to Kurbanov shows that among the evidence law enforcement gathered and reviewed were an interrogation video, Assistant District Attorney's interview notes, a note from a doctor, medical records from NYU Langone, screenshots of texts from Kurbanov, photographs of damaged cell phone and broken laptop, photographs of Plaintiff's neck, arm, and foot, videos taken by Plaintiff, videos of Plaintiff's foot, and X-ray of Plaintiff's foot. Ex. B (Index of Disclosures) at 1–2.

Based upon this investigation, on July 11, 2024 the grand jury indicted Kurbanov on thirty counts—far more in number and severity compared to Plaintiff's initial domestic violence misdemeanor complaint. Ex. C (Grand Jury Indictment). The grand jury found sufficient evidence to indict Kurbanov on:

(1) one count of rape in the first degree (Class B violent felony),

(2) one count of sexual abuse in the first degree (Class D violent felony),

(3) two counts of strangulation in the second degree (Class D violent felony),

(4) one count of assault in the second degree (Class D violent felony),

(5) three counts of rape in the third degree (Class E felony),

(6) two counts of attempted assault in the second degree (Class E felony),

(7) three counts of forcible touching (Class A misdemeanor),

(8) eight counts of assault in the third degree (Class A misdemeanor),

(9) three counts of criminal obstruction of breathing or blood circulation (Class A misdemeanor),

(10) two counts of criminal mischief in the fourth degree (Class A misdemeanor),

(11) one count of criminal possession of a weapon in the fourth degree (Class A misdemeanor), and

(12) three counts of sexual abuse in the third degree (Class B misdemeanor). *See id.*

The People's initial disclosure form set forth the "substance of [Kurbanov's] conduct encompassed by the charge(s) which the People intend[ed] to prove at trial[.]" Ex. D (People's Initial Disclosure Form) at 2. That substance was this: over a period stretching from October 2023 to April 2024, Kurbanov repeatedly forcibly engaged in sexual intercourse with Plaintiff, struck her, kicked her, stomped on her, strangled her, and destroyed Plaintiff's property. *Id.* at 2–3. The People were also prepared to call Kristen Slesar, an expert in intimate partner violence, as a trial witness, and had disclosed her resume to Kurbanov's counsel. *Id.* at 7.

On November 7, 2024, Kurbanov, through his counsel, moved to dismiss the indictment or reduce the counts therein on the grounds that the evidence before the grand jury was not legally sufficient to support some or all of the charges set forth therein and on the grounds that the grand jury proceeding was defective. Ex. E (Notice of Omnibus Motion) at 1. On December 17, 2024 the Supreme Court of the State of New York for the County of Richmond ("Richmond County Court") denied the motion and found that "the evidence adduced before the grand jury was legally sufficient to support all counts of the indictment." Ex. F (Decision and Order on Omnibus Motion) at 2.

[redacted] Ex. G (Plea Allocution Transcript) at 2:17-19. [redacted]

[redacted] *Id.* at 2:21–3:4. [redacted] *Id.* at 3:23–4:5.

Kurbanov pleaded guilty to count five of the Grand Jury Indictment—Assault in the Second Degree, a Class D violent felony. He did not plead guilty to the remaining twenty-nine counts, twenty of which were less serious misdemeanor counts, five of which were less serious Class E felonies, three of which were equivalent Class D violent felonies, and only one of which was a more serious Class B violent felony. *See* Ex. C (Grand Jury Indictment). [redacted] Ex. G (Plea Allocution Transcript) at 4:13-17. [redacted] *Id.* at 5:14-19. On June 5, 2025, Kurbanov was sentenced to five years' probation [redacted] *See* ECF No. 28, Ex. A (Richmond County Case Closure Report) [Filed Under Seal], ECF No. 30, Ex. A, (Richmond County Case Closure Report).

### C. <u>Claims and Counterclaims in This Action</u>

On April 30, 2026, Plaintiff filed this civil action asserting eight claims against Defendants: (1) involuntary servitude in violation of 18 U.S.C. §§ 1584, 1595; (2) forced labor in violation of 18 U.S.C. §§ 1589, 1595; (3) trafficking with respect to peonage, slavery, involuntary servitude, or forced labor in violation of 18 U.S.C. §§ 1590, 1595; (4) conspiracy in violation of 18 U.S.C. § 1594 and civil conspiracy in violation of common law; (5) unpaid federal minimum wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; (6) unpaid state minimum wages and overtime wages under the New York Labor Law, N.Y. Lab. Law § 195; (7) spread of hours pay under the New York Labor Law; and (8) unjust enrichment. Compl. ¶¶ 97–140.

On June 16, 2026, Defendants responded to Plaintiff's Complaint by filing their Answer, Affirmative Defenses, and Counterclaims. Ans. at ECF No. 26. As part of their response, Defendants filed three counterclaims: malicious abuse of civil process (Count One); malicious abuse of criminal process (Count Two); and malicious criminal prosecution (Count Three). *Id.* at 19–22. In support of the malicious abuse of civil process claim, Defendants plead that Plaintiff is "fully aware" that her civil claims lack "any sufficient legal or factual basis," and that she "acted with [] ulterior motive." *Id.* at 20. Similarly, in support of their malicious abuse of criminal process and malicious prosecution counterclaims, Defendants plead that Plaintiff "misused legal process by willfully fabricating allegations and filing a fallacious criminal complaint" and that "[v]irtually all of the criminal allegations were false, completely unsubstantial and ultimately dismissed." *Id.* at 21–22.

On July 17, 2026, Defendants submitted a pre-motion conference letter in connection with the motion to dismiss the counterclaims. ECF No. 33. Despite the fact that, as explained above, Kurbanov pleaded guilty to the second most serious charge in the indictment, Defendants' letter stated that "[t]he investigation concluded with a plea to a single count, minor in relation to the

most serious criminal allegations, and the dropping of all other criminal charges." *Id*. at 1. On July 29, 2026, during an oral argument on Plaintiff's motion to proceed under a pseudonym, Defendants' counsel again repeatedly argued before Magistrate Judge Eichenholtz that the indictment against Kurbanov "resulted, admittedly, in a plea, but probably of the most minor of the counts"; "a minor—a physical altercation is my understanding." ECF No. 36 (Transcript of July 29, 2026 Proceeding) at 5:19-24, 30:19-25. At that hearing, Judge Eichenholtz stated on the record that the Defendants' counsel was repeatedly "characterizing the criminal prosecution in a way that, candidly, makes the Court uncomfortable." *Id.* at 30:19-21.

## **APPLICABLE LEGAL STANDARDS**

A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint. *See Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 286 (E.D.N.Y. 2022). In determining the sufficiency of the counterclaims, the Court may consider the pleadings, documents appended to the pleadings or incorporated in the pleadings by reference, and matters of which judicial notice may be taken. *See Boyd v. Lansbury*, No. 23-CV-7459 (RER) (SIL), 2025 WL 948360, at *2 (E.D.N.Y. Mar. 28, 2025) (citing *Goel v. Bunge*, 820 F.3d 554, 559 (2d Cir. 2016)).

## **ARGUMENT**

Defendants' three counterclaims fail for multiple reasons, each of which independently compels dismissal. First, the abuse of criminal process and malicious prosecution claims are untimely. Each claim is subject to a one-year statute of limitations, and Defendants' counterclaims were filed beyond the limitations period. Second, all three counterclaims fail to state a claim. The abuse of criminal process and abuse of civil process counterclaims fail to plead two of the three necessary elements. The malicious prosecution claim fails to plead two of the four necessary elements. The Court should therefore dismiss all three counterclaims.

## I. <u>THE ABUSE OF CRIMINAL PROCESS AND MALICIOUS PROSECUTION COUNTERCLAIMS (COUNTS TWO AND THREE) ARE TIME-BARRED</u>

"Abuse of process is an intentional tort that is subject to the one-year statute of limitations." *Behrens v. City of Buffalo*, 217 A.D.3d 1589, 1590, 192 N.Y.S.3d 869, 870 (4th Dep't 2023) (citing N.Y. C.P.L.R. 215 (3)); *see Gallagher v. Directors Guild of Am., Inc.*, 144 A.D.2d 261, 263, 533 N.Y.S.2d 863, 864–65 (1st Dep't 1988) (holding that an abuse of process claim is subject to the one-year limitations period because the "operative distinction between the sort of causes of action governed by CPLR 215 and those within the scope of CPLR 214 is whether the particular claim involved is for an intentional tort or a tort sounding in negligence"); *see also Romag Fasteners, Inc. v. Bauer*, No. 11 CIV. 3181 PAC, 2011 WL 5513380, at *8 (S.D.N.Y. Nov. 9, 2011) ("Each of the four New York Appellate Divisions has held that a one-year statute of limitations governs a cause of action for abuse of process." (cleaned up)) (collecting cases). An abuse of process claim accrues "when criminal charges were filed against plaintiff"; courts have rejected the contention "that the claim did not accrue until the criminal charges were dismissed against plaintiff." *Behrens*, 217 A.D. 3d at 1590.

Here, criminal charges were filed against Kurbanov on July 11, 2024. Ex. C. He pleaded guilty on April 10, 2025 and was sentenced on June 5, 2025. ECF No. 28, Ex. A; ECF No. 30, Ex. A. To be timely, Defendants' abuse of criminal process claim had to be brought on or before July 11, 2025. But Defendants did not file their counterclaims until June 16, 2026. ECF No. 26.

The intentional tort of malicious prosecution is likewise subject to N.Y. C.P.L.R. § 215(3)'s one-year statute of limitations. *Roman v. Comp USA, Inc.*, 38 A.D.3d 751, 752, 832 N.Y.S.2d 270, 272 (2d Dep't 2007). "Under New York law, a malicious prosecution action must be brought within one year from the date on which the action first accrues. A malicious prosecution action first accrues when the plaintiff receives a favorable final determination in the prior legal

proceeding that forms the basis of the action." *von Bulow by Auersperg v. von Bulow*, 657 F. Supp. 1134, 1138 (S.D.N.Y. 1987) (collecting cases). As discussed below, Kurbanov cannot establish favorable termination because his guilty plea to Assault in the Second Degree is not a termination in his favor. But even if Defendants were to contend that the dismissal of certain charges as part of the negotiated plea constitutes favorable termination — it does not — that dismissal occurred no later than April 10, 2025, when Kurbanov was convicted. Defendants' malicious prosecution claim thus became untimely on April 10, 2026. Defendants filed their counterclaims on June 16, 2026, rendering the malicious prosecution claim time-barred as well.

In their pre-motion conference letter (which cannot be used to amend their counterclaims), Defendants alleged that Jane Doe is engaged in a multi-step, multi-year, grand scheme of bringing fraudulent criminal charges to then use them to bring false civil claims against Defendants. And they argue that the limitations period is tolled until the filing of this civil action under New York's continuing wrong doctrine. ECF No. 33 at 2–3. In support, Defendants cite a single case where the court held that "a cause of action for divorce based on the ground of imprisonment continues to arise anew for statute of limitations purposes on each day the defendant spouse remains in prison for 'three or more consecutive years' until the defendant is released." *Covington v. Walker*, 3 N.Y.3d 287, 291, 819 N.E.2d 1025 (2004). That case has no conceivable applicability here. The abuse of criminal process and malicious criminal prosecution claims are clearly time-barred and should be dismissed with prejudice.

## II. <u>ALL THREE COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

All three counterclaims should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In considering a motion to dismiss a counterclaim, the court applies the same standards as a motion to dismiss a complaint." *Zurich Am. Life Ins. Co. v.*

*Nagel*, 571 F. Supp. 3d 168, 175 (S.D.N.Y. 2021). "A counterclaim is facially plausible when the counterclaimant pleads factual content that allows the court to draw the reasonable inference that the original claimant is liable for the misconduct alleged." *Josie Maran Cosmetics., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 286 (E.D.N.Y. 2022) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Although pleadings are construed "in the light most favorable to the [counter-claimant]," the court does not "accept[ ] as true a legal conclusion couched as a factual allegation[.]" *Nagel*, 571 F. Supp. 3d at 175 (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)) (first alteration in original) (internal quotation marks omitted).

Defendants' counterclaims are a textbook example of threadbare recitals of the elements of their causes of action. The *only facts* Defendants plead in support of their three counterclaims are that (1) Plaintiff filed this action on April 30, 2026; (2) Plaintiff filed a criminal complaint against Kurbanov; and (3) some of the criminal charges against Defendant Kurbanov were dropped as part of a negotiated guilty plea. ECF No. 26 at 19–22. As a threshold matter, Defendants Muminova and NYC All Glass System Inc. do not plead *any* facts to show they have cognizable claims under Counts Two and Three. Neither of them was subject of the criminal proceedings nor has pleaded any facts connecting them to the criminal process at issue. Further, all three counterclaims fail to state a claim and so must be dismissed.

### A. Defendants' Abuse of Process Counterclaims (Counts One and Two) Should Be Dismissed Because Defendants Fail to Identify Any Cognizable Legal Process or Collateral Objective

To state a claim for abuse of civil or criminal process under New York common law, a plaintiff must allege that the defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification,

and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Manhattan Enter. Grp. LLC v. Higgins*, 816 F. App'x 512, 514 (2d Cir. 2020) (citing *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)); *see also Behrens*, 217 A.D.3d at 1590-91 (dismissing abuse of process claim for failure to meet the collateral objective element).

As to the first element, "legal process means that a court issued the process, and the plaintiff will be penalized if he violates it." *Blanco v. Success Acad. Charter Schs., Inc.*, 722 F. Supp. 3d 187, 223 (S.D.N.Y. 2024). "[T]o qualify as legal process for purposes of an abuse-of-process claim, the court-issued writ must not only direct or demand that the person to whom it is directed shall perform or refrain from doing some prescribed act, but also interfere with one's person or property." *Manhattan Enter. Grp.*, 816 F. App'x at 514 (cleaned up).

"[T]he mere commencement of a lawsuit cannot serve as the basis for a cause of action alleging abuse of process" — interference with person or property comes from "resort to a provisional remedy, such as arrest, attachment, injunction, receivership, or notice of pendency."[1] *Greco v. Christoffersen*, 70 A.D.3d 769, 770, 896 N.Y.S.2d 363, 365–66 (2d Dep't 2010); *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 469 N.E.2d 1324, 1326 (1984) ("[I]nstitution of a civil action by summons and complaint is not legally considered process capable of being abused[.]"); *see also In re Nicholas*, 457 B.R. 202, 216 (Bankr. E.D.N.Y. 2011) ("To succeed on an abuse of process claim, a party must demonstrate more than the initiation and pursuit of a lawsuit."). This is true

[1] The two cases cited by the Defendants in their pre-motion conference letter merely reinforce this point. The regularly issued legal process identified in *Pinter* and *Cook* was an arrest—not the mere filing of a complaint. ECF No. 33 at 1–2; *see Pinter v. City of New York*, 976 F. Supp. 2d 539, 569 (S.D.N.Y. 2013) ("The use of prostitution arrests for leverage in negotiations over nuisance abatements, without any apparent interest in conviction, is not a proper purpose for carrying out a program of prostitution arrests."); *Cook*, 41 F.3d at 80 ("[T]he Troopers clearly employed criminal process against Cook by having him arraigned on charges of illegal possession of a car with no VIN. This arraignment caused Cook to be held in custody.").

even when the action was "intended to cause the plaintiff expense and to burden him with the defense of a protracted legal proceeding." *Manhattan Enter. Grp.*, 816 Fed. Appx. at 514 (initiating seven legal proceedings against the plaintiff and affiliated entities in the span of six years did not constitute abuse of process) (cleaned up). Defendants identify no cognizable legal process and point to no facts beyond Plaintiff's commencement of this lawsuit in support of their abuse of civil process claim (Count One). ECF No. 26 at 20. Therefore, Defendants' first claim fails as a matter of law and should be dismissed.

Likewise, abuse of criminal process "generally requires the improper use of process after it is issued." *Liss v. Forte*, 96 A.D.3d 1592, 1593, 947 N.Y.S.2d 270, 271 (2012) (internal quotation marks and citations omitted). The mere issuance of process (here, the filing of the criminal complaint) by itself is not enough. *Id.* at 1592–93 (affirming lower court's decision dismissing plaintiff's abuse of criminal process claim where plaintiff was arrested by police for trespassing on the defendant's property and the criminal trespass charge was later adjourned in contemplation of dismissal on the basis that "[t]he remedy for a party against whom a false criminal complaint is filed lies in the tort of malicious prosecution," not in a claim for abuse of criminal process). Therefore, apart from being time-barred, Defendants' second claim also fails as a matter of law and should be dismissed.

Further still, Defendants' abuse of civil and criminal process claims do not satisfy the "collateral objective" requirement, in evaluating which "the Second Circuit expressly distinguishes between a 'malicious motive' and an 'improper purpose'; only the latter suffices to meet the 'collateral objective' prong of the abuse of process standard." *Hoffman v. Town of Southampton*, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012), *aff'd sub nom. Peter L. Hoffman, Lotte, LLC v. Town of Southampton*, 523 F. App'x 770 (2d Cir. 2013); *see also Mazzone v. Town of*

*Southampton*, 283 F. Supp. 3d 38, 59 (E.D.N.Y. 2017) (recommending dismissal of abuse of process claims because the allegation that "[d]efendants were seeking to retaliate against Plaintiff by pursuing his arrest and prosecution [] do not support a collateral objective beyond this prosecution."); *Hansen v. Town of Smithtown*, 342 F. Supp. 3d 275, 292 (E.D.N.Y. 2018) (distinguishing collateral objective from malicious motive) (citing *Savino*, 331 F.3d at 76). To show collateral objective, "[t]here must be an *abuse* of process which has as its direct object an effect *outside* the intended scope of operation of the process employed." *Jones v. Maples/Trump*, No. 98 CIV. 7132 (SHS), 2002 WL 287752, at *7 (S.D.N.Y. Feb. 26, 2002), *aff'd sub nom. Jones v. Trump*, 71 F. App'x 873 (2d Cir. 2003) (first emphasis in original); *see also Goldring v. Zumo*, No. 14 CIV. 4861 (BMC), 2015 WL 148451, at *3 (E.D.N.Y. Jan. 12, 2015) ("[T]he collateral objective element requires 'an effect outside the intended scope of the operation of the process employed.'") (quoting *Jones v. Maples/Trump*, 2002 WL 287752, at *7); *Hoffman*, 893 F. Supp. 2d at 448 ("Typical scenarios in which courts in this circuit have sustained a claim of malicious abuse of process involve prosecutions for reasons wholly outside of the initial prosecution.").

Thus, Defendants' alleged objectives of coerced settlement, litigation expense, and reputational harm are squarely within the ordinary scope of civil and criminal proceedings and cannot support an abuse of process claim as a matter of law. *See, e.g.*, *Hoffman*, 893 F. Supp. 2d at 448 (finding abuse of process claim insufficient where "plaintiffs have failed to allege that defendants had a collateral purpose beyond pursuing, and prevailing in, plaintiffs' criminal prosecution); *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260 KAM, 2009 WL 4547792, at *8 (E.D.N.Y. Dec. 1, 2009) (no collateral objective pled where discovery requests were for the purpose of proceeding with the current action).

In their pre-motion conference letter, Defendants argue that Plaintiff's collateral objective in filing the criminal case was the filing of the civil case. ECF No. 33. In support, Defendants cite *Verdon*, a case where a wife threatened her husband that she would move forward with her criminal case against him unless he allowed her to use his credit card *Id.* at 2–3. No such facts are alleged here. Defendants do not (and cannot) allege, for instance, that Plaintiff used the criminal process as a lever to demand money from Defendants. Defendants also do not allege that there was any indication while the criminal proceedings were ongoing that Plaintiff would later bring a civil case against Defendants. While the Court is required to draw reasonable inferences in favor of the claimant on a motion to dismiss, it is not obliged to draw wholly speculative and facially unreasonable inferences in an effort to salvage a claim.

Because Defendants rely only on Plaintiff's valid commencement of this lawsuit and the initiation of the criminal complaint, both Counts One and Two fail to satisfy the first element necessary to plead a claim for abuse of process. Counts One and Two also fail because Defendants fail to plead the necessary element of collateral objective. The Court should dismiss both abuse of process counterclaims.

**B. <u>The Malicious Criminal Prosecution Counterclaim (Count Three) Is Insufficient As a Matter Of Law</u>**

To prevail on a malicious prosecution claim under New York law, a plaintiff must establish: "(1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions." *Kurtz v. Hansell*, 664 F. Supp. 3d 438, 452 (S.D.N.Y. 2023), *aff'd sub nom. Kakar Kurtz v. Lawson*, No. 23-7548-CV, 2025 WL 39860 (2d Cir. Jan. 7, 2025) (citing *Stampf v. Long Island R.R.*, 761 F.3d 192, 198 (2d Cir. 2014)).

Here, there can be no plausible allegation that Plaintiff lacked probable cause for commencing the criminal proceeding against Kurbanov. Defendants' conclusory allegations of false allegations by Plaintiff ring hollow in the face of the grand jury's indictment of Kurbanov and the criminal court's subsequent finding that each count of the indictment was supported by sufficient evidence. Ex. C (Grand Jury Indictment). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." *Lewis v. City of N.Y.*, 591 F. App'x 21, 22 (2d Cir. 2015). While that presumption may be rebutted by allegations that the indictment was procured by fraud, perjury, or other official misconduct, *id.*, Defendants have made no such allegation here (nor could they plausibly allege such acts).

Further, the dismissal of certain charges pursuant to a plea agreement does not constitute a "termination" of those charges in "[the accused's] favor." *Carruthers v. Colton*, 153 F.4th 169, 185 (2d Cir. 2025) ("[A] dismissal of a charge as part of a plea disposition does not satisfy a malicious prosecution claim's requirement for favorable termination."); *see also Poventud v. City of New York*, 750 F.3d 121, 131 (2d Cir. 2014) (en banc) ("[I]t is hornbook law that where charges are withdrawn or the prosecution is terminated by reason of a compromise into which the accused has entered voluntarily, there is no sufficient termination in favor of the accused.") (citations and internal quotation marks omitted); *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84 (2001) ("A termination is not favorable . . . where a prosecution ends because of a compromise with the accused[.]"); *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 196, 734 N.E.2d 750, 753 (2000) ("A termination is not favorable to the accused . . . if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused.").

Thus, in addition to being time-barred, Kurbanov's malicious prosecution claim cannot meet the favorable termination requirement. On July 11, 2024, a Richmond County grand jury indicted Kurbanov on 30 counts. Ex. C (Grand Jury Indictment). On December 17, 2024, the Richmond County Court denied Kurbanov's motion to dismiss and found that "the evidence adduced before the grand jury was legally sufficient to support all counts of the indictment." Ex. F (Decision and Order on Omnibus Motion) at 2. On April 10, 2025, pursuant to a plea agreement, Kurbanov pleaded guilty to count five of the indictment (Assault in the Second Degree, a Class D violent felony). ECF No. 28, Ex. A; ECF No. 30, Ex. A. [redacted] Ex. G (Plea Allocution Transcript), at 5:14-19. This result was a compromise Kurbanov reached with the Richmond County District Attorney's Office and was not, under any plausible reading of the record, a termination of the other counts of the indictment in Kurbanov's favor. *See Carruthers*, 153 F.4th at 187 ("[B]y entering into a plea agreement, the prosecution has indicated that it made a calculated decision to dismiss certain charges in order to secure a conviction on another, thereby ending the criminal proceedings, and that the defendant has agreed to that compromise."); *York v. State*, 172 A.D.2d 1017 (4th Dep't 1991) (affirming dismissal of malicious prosecution claim where criminal charges were dismissed pursuant to a plea bargain).

The Court should dismiss all three counterclaims for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion to dismiss the counterclaims.

Dated: October 15, 2026

Respectfully submitted,

*/s/ May Chiang*
May Chiang
Sumridhi Kaur
Yeo Eun Yoon
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: +1 212 698 3500
may.chiang@dechert.com
sumridhi.kaur@dechert.com
kayla.yoon@dechert.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(c), I hereby certify that the number of words in the foregoing document, according to the word count on the word processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, Table of Contents, Table of Authorities, signature block and this Certificate of Compliance, is 5,233 words.

Dated: October 15, 2026

*/s/ May Chiang*
May Chiang