UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

v.

SHAMSHOD KURBANOV, SANOAT MUMINOVA, and ALL GLASS SYSTEM INC.,

Defendants.

**Civil Action No. 1:26-cv-02595**

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

---

Of counsel and
on the brief:

Robert J. Donaher, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii
PRELIMINARY STATEMENT ........ 1
PROCEDURAL BACKGROUND ........ 2
**LEGAL STANDARD** ........ 2
A. Motions to strike are disfavored and require "strong reasons" ........ 2
B. The three-part test ........ 3
C. Plausibility applies to affirmative defenses only in a "context-specific" and relaxed way ........ 3
D. The answer is read as a whole ........ 4
E. Movant must show actual prejudice ........ 4
**ARGUMENT** ........ 4
F. PLAINTIFF'S MOTION IS SUBSTATIVELY AND PROCEDURALLY DEFICIENT CONCLUSION ........ 4
G. PLAINTIFF HAS FAILED TO ESTABLISH PREJUDICE ........ 6
H. DEFENDANTS ARE ENTILTLED LEAVE TO AMEND ........ 6

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Chewy, Inc. v. Int'l Bus. Machs. Corp.*, 571 F. Supp. 3d 133 (S.D.N.Y. 2021) .... 6

*Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010) .... 3

*EEOC v. A & F Fire Prot. Co.*, No. 17-cv-4745 (DRH)(ARL), Report .... 4

*Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269 (S.D.N.Y. 1999) .... 3

*Fed. Deposit Ins. Corp. v. Ornstein*, 73 F. Supp. 2d 277 (E.D.N.Y. 1999) .... 2

*Foman v. Davis*, 371 U.S. 178 (1962) . [NEW] .... 6

*GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019) .... 1, 3, 5

*Rich v. Miller*, 634 F. Supp. 3d 66 (S.D.N.Y. 2022) .... 3

*Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003) .... 4

*SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) .... 3

*William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) .... 3

**Other Authorities**

FRCP 8(e) .... 4

FRCP 10(c) .... 4

FRCP 12(f) .... 2

Lipsky *v. Commonwealth United Corp* .... 2

Rule 15(a)(2) .... 2, 6

## PRELIMINARY STATEMENT

Plaintiff urges the Court to employ a "disfavored" and "drastic" remedy against 19 defenses in a timely-filed original Answer, at the outset of the case, burdening the court with a prolix brief that groups the defenses into categories rather than analyzing any of them. The point of the motion is not evident from the lengthy submission. Plaintiff does not argue that any defense is legally invalid; she argues only that they lack supporting facts. But the Answer must be read as a whole — and Defendants' specific admissions, denials, and obviously now dismissed three Counterclaims (malicious abuse of civil process, malicious abuse of criminal process, malicious prosecution) supply precisely the factual context Plaintiff says is missing: that Plaintiff made false criminal accusations, that all but one charge was dropped, and that she now repeats those allegations to extract a settlement and for other possible ulterior purposes, including a possible application for asylum that Plaintiff refuses to produce in discovery for legally untenable reasons.

Plaintiff misreads *GEOMC*, which affirmed a strike of defenses asserted at a late stage, aimed at year-old claims, where prejudice was determinative — and which instructs that plausibility is applied to affirmative defenses with a relaxed, context-specific "degree of rigor." Several challenged "defenses" are denials of elements on which Plaintiff bears the burden (causation, coercion, performance); others are legal defenses that require no factual elaboration or must be pleaded to be preserved. Plaintiff shows no cognizable prejudice: discovery into the veracity of Plaintiff's explosive allegations obviously will occur irrespective of the affirmative defenses asserted by Defendants.

This motion is an unnecessary sideshow and a waste of time and judicial resources. Alternatively, any determined deficiency will give rise to an opportunity to cure via leave to amend under Rule 15(a)(2), not by striking.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint filed April 30, 2026. Defendants filed their Answer, Affirmative Defenses and Counterclaims on June 16, 2026. Plaintiff filed her pre-motion letter on July 10, 2026. Defendants filed her response on July 17, 2026, explaining why their defenses are sufficiently pled and emphasizing that at most, the motion would result in an unproductive repleading. would be appropriate. The pre-hearing conference was held on September 17, 2026, during which Defendants made similar points which seemed well received by the Court. Plaintiff filed her motion on October 15, 2026. The motion challenges nineteen defendants' defenses, including the 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 11th, 12th, 15th, 16th, 17th, 18th, 19th, 20th, 36th, 39th, 42nd, 46th. It does **not** move against the remaining 27, despite asserting in passing that "all" 46 are deficient. Virtually all of the Defendant's defenses are predicated on the Defendant's categorical denial that the events alleged in the Complaint ever occurred, with noted exceptions involving certain of the defenses that have been conventionally asserted.

## LEGAL STANDARD

### *A. Motions to strike are disfavored and require "strong reasons"*

Pursuant to FRCP 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are highly disfavored. *Fed. Deposit Ins. Corp. v. Ornstein*, 73 F. Supp. 2d 277, 279–80 (E.D.N.Y. 1999) (Rule 12(f) motions generally disfavored); Lipsky *v. Commonwealth United Corp.*, 551 F.2d 887,

893 (2d Cir. 1976) (courts should not tamper with pleadings absent a strong reason); *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) (motions to strike not favored). **VERIFY** pin and subsequent history language.

Plaintiff concedes the point in her own brief, which acknowledges such motions are granted "only if there is strong reason to do [so]". She has failed to identify any strong or compelling reasons in her moving submission.

### *B. The three-part test*

To prevail on a motion to strike, the moving party must show (1) no question of fact that might allow the defense to succeed; (2) no substantial question of law that might allow the defense to succeed; and (3) prejudice from inclusion of the defense. *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y. 1999); *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999); *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (same test — use Plaintiff's own case); *Rich v. Miller*, 634 F. Supp. 3d 66, 71 (S.D.N.Y. 2022).

### *C. Plausibility applies to affirmative defenses only in a "context-specific" and relaxed way*

Under the controlling decision in *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98–99 (2d Cir. 2019), while the plausibility standard applies to all pleadings, but applying it to affirmative defenses is "context-specific" task. "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *GEOMC*, 918 F.3d at 98.

### *D. The answer is read as a whole*

Pursuant to FRCP 10(c), a statement in a pleading may be adopted by reference elsewhere in the same pleading. Under FRCP 8(e), pleadings are to be construed so as to do justice). A court may decline to strike a defense where sufficient factual content appears elsewhere in the answer. An affirmative defense requiring factual elaboration is one that raises matters outside the plaintiff's prima facie case. *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). A defense that merely denies the factual basis of a claim or negates an element is a denial. The remedy for mislabeled denials is to treat them as specific denials, not to strike. *EEOC v. A & F Fire Prot. Co.*, No. 17-cv-4745 (DRH)(ARL), Report & Recommendation, ECF No. 44 (E.D.N.Y. Dec. 13, 2018) (Lindsay, M.J.) (recommending denial of motion to strike as to defenses that negate elements.

### *E. Movant must show actual prejudice*

To prevail on a motion to strike, the moving party must show actual prejudice; bare assertions of prejudice are insufficient. *A & F Fire Prot.*, *supra* (quoting *United States v. Grimmel Indus.*)

## ARGUMENT

### F. PLAINTIFF'S MOTION IS SUBSTATIVELY AND PROCEDURALLY DEFICIENT

Plaintiff's brief does not undertake defense-by-defense analysis; it groups 19 defenses into four buckets and asks the Court to strike them wholesale. The movant bears the burden on each defense; a categorical attack cannot carry it. Plaintiff's passing statement that "all" 46 defenses are deficient seeks no relief and should be disregarded.

Plaintiff's motion is substantially founded on the Second Circuit's decision in *GEOMC*. *GEOMC*, however, was driven by the late stage of the introduction of the defenses. Specifically, the defenses were asserted in an answer to a second amended complaint but were "not aimed at the one new cause of action"; they attacked claims pleaded nearly a year earlier, "at a late stage of the litigation". The Court reasoned: "[e]xpanding the litigation at that stage would have been prejudicial." 918 F.3d at 99–100. Here: Defendants' original Answer was timely filed, early in the case.

*GEOMC* prescribes a less rigorous application in this case. The decision expressly calibrates the "degree of rigor" to the defendant's short response window and to whether the facts are readily available. Plaintiff's submission misses the comparison *GEOMC* draws: Plaintiff had years to frame a sprawling, group-pleaded complaint alleging events in Tajikistan and New York; Defendants had a matter of weeks to answer every paragraph. Many relevant facts, including Plaintiff's communications with law enforcement, her conduct and representations, her damages and mitigation efforts, third-party involvement in her travel, are in are in the possession of either Plaintiff or third parties.

Defendants' denials or affirmative defenses predicated on denials turn on either factual information within the exclusive possession of the Plaintiff's possession, or denials of Plaintiff's characterization of factual events, such as Plaintiff's characterization of the ceremony in Tajikistan as an engagement ceremony and the suggestion that it constitutes evidence of anything other than a voluntary relationship, least of all human trafficking. The factual basis for most or all of Defendants' denials is self-evident; they need no factual elaboration. Many of them involve matters on which Plaintiff carries the burden of proof and arise naturally from Defendants' legal position that Plaintiffs' allegations are false and apocryphal. Defendants allege

that Plaintiff has falsely accused Defendants of serious crimes and legal allegations to facilitate this action and advance ulterior motives. That allegation is the common defense in most of the challenged denials.

### G. PLAINTIFF HAS FAILED TO ESTABLISH PREJUDICE

Plaintiff's motion fails to identify any prejudice arising from Defendants' d and affirmative defenses. She relies merely on generalized assertions of "expanded discovery" that are insufficient as a matter of law. *A & F Fire Prot.*, *supra*). The discovery Plaintiff complains of — into her conduct, her communications with law enforcement, her damages, and causation — will occur regardless of the denials and counterclaims to which she objects. Plaintiff's own liability and damages claims give rise to a countervailing right on the part of the Defendants to pursue such discovery.

### H. DEFENDANTS ARE ENTILTLED LEAVE TO AMEND

Where motions to strike affirmative defenses are granted, the non-moving party generally is entitled the opportunity to amend. Pursuant to FRCP 15(a)(2), leave to amend is "freely give[n] when justice so requires." [NEW] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (no undue delay, bad faith, prejudice, or futility). [NEW] *Chewy, Inc. v. Int'l Bus. Machs. Corp.*, 571 F. Supp. 3d 133 (S.D.N.Y. 2021) (leave generally granted absent prejudice or bad faith).

Courts striking defenses for insufficient factual detail routinely do so without prejudice and with leave to replead. Therefore, if the Court is somehow inclined to strike certain of the Defendants' affirmative defenses, it should do so while providing leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants should deny Plaintiff's motion in its entirety the motion in its entirety; or alternatively, grant leave to the Defendants to amend any affirmative defenses that are stricken.

**A.Y. STRAUSS LLC**

Dated: November 12, 2026

*/s/ Robert J. Donaher*
Robert J. Donaher, Esq.
290 W. Mt. Pleasant Ave
Suite 3260
rdonaher@aystrauss.com
T: (973) 582-7462
F: (973) 533-0127
*Attorneys for Defendants*